**Guenevere Nelson-Melby**
**NELSON-MELBY LAW, PLLC**
**P.O. Box 2588**
**Tucson, AZ 85702**
**TEL:  (520) 288-4688**
*GUENEVERE NELSON-MELBY, AZBAR #024745*
*nelsonmelbylaw@gmail.com*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America | Case No. CR20-02246-RM-LCK |
| Plaintiff | **DEFENDANTS SENTENCING MEMORANDUM** |
| v | |
| Selene Marie Camacho, | |
| Defendant, | |

Ms. Camacho respectfully requests a reduced sentence in this case.

I.  <u>Although Ms. Camacho Made Poor Choices In This Case, She Has Been Steadily Improving Her Life And Her Choices.</u>

Ms. Camacho has always struggled as a single mother, abandoned by the father of her child before his birth, 20 years ago. She has cobbled together employment, always trying to balance being with her son and working. She has worked cleaning houses for these 20 years.  This work kept her barely solvent, but she was able to get by. She was proud to be able to keep up with her bills. But when Covid hit, she lost half of her clientele and was unable to find more work.

1

Her landlord told her she had to leave her house. She got behind on all of her bills. The air conditioner in her car broke. Her son, who had just turned 18, was leaving home, leaving her with the prospect of being alone after her many years of caretaking. She became personally and financially desperate. She made some terrible choices, including getting involved in illegal activities.

She has been on supervision for quite some time (almost two years), and has steadily been making better choices during that time period. She has reduced her expenses by moving in with her mother. She has been working steadily, being employed at a temp agency, cleaning for a small hotel for the past several months. The women who run the inn want her to work directly for them, for more hours and higher pay.

This arrest is when she says she hit "rock bottom," which caused her to eliminate dangerous or bad elements from her life. She has been frightened by a burglary that she believes could be related to this case. In part to reform her life and show the court that she can and has changed, and in part because she wants to live a safer life, she now has no contact with anyone who breaks the law.

Ms. Camacho is nearing 50 and has never spent more than a few days incarcerated. She is rather childlike in her affect, and she is frankly not equipped for the dangers of prison. The prospect of time in prison is all the motivation she

needs in order to keep making good choices. She is better for the community as a whole as a worker than she would be as an unnecessary prisoner.

II.     The Court Should Consider Ms. Camacho's Minor Role in This Offense.

Ms. Camacho admitted that her arrest in this case was part of a series of jobs that she did for the drug traffickers in this case. However, all of her other jobs for the traffickers were to bring food to people in the desert. She was very proud that until this instant offense, she avoided being around drugs or guns. She committed this offense due to a combination being pressured by higher level members of the organization, and due to the larger amount of money that they offered her in her case.  She calls this "the biggest mistake of my life."

Ms. Camacho was a useful tool for powerful men. Her role truly was minimal. She never knew the amount of drugs in this case (the quantity of which has triggered high sentencing guideline calculations) because she did not touch them. She was not trusted with them. Instead, she was a driver for a higher-level person, her co-defendant, who told agents that he was the "*arete*" (person in charge of monitoring drugs) for the criminal organization "Los Toys". There is no indication that she was a valued or trusted member of the organization. The amount of drugs found in this case was more an indication of her passenger's position in the cartel than any trust she had in the organization.

Ms. Camacho had no control over or knowledge of the amount of drugs, so

it is somewhat arbitrary to increase her sentence simply based upon that. Similarly situated individuals (low level drivers) are often eligible for much less time, based on factors outside of their and her control (the quantity of drugs). Ms. Camacho deserves consideration, in the form of a downward departure or variance, for being a lower level participant, under Chapter 3, Part B, Section 2 (U.S.S.G. §3B1.2) or simply due to the court's discretion.

III.  Sentencing Considerations.

District Courts have statutory authority to depart from the Federal Sentencing Guidelines when "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission" is present in a case before the Court at the time of sentencing. *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed. 2d 392 (1996); *See also*, 18 U.S.C. §3553(b); UNITED STATES SENTENCING GUIDELINES ("USSG") §5K2.0.

This authority allows the court to be "...free to consider [a defendant's] individual circumstances." *United States v. Estrada-Plata*, 57 F.3d 757, 763 (9th Cir. 1995). Additionally, the sentencing court may consider "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited [by the guidelines or other law]." USSG §1B1.4.

Finally, as noted by the Supreme Court:

> The goal of the Sentencing Guidelines is, of course, to reduce unjustified disparities and so reach toward the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice. In this respect, the Guidelines provide uniformity, predictability, and a degree of detachment lacking in our earlier system. This, too, must be remembered, however. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States district judge.

*Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 2053, 135 L.Ed. 2d 392.

IV. <u>Conclusion.</u>

Ms. Camacho respectfully requests a reduced sentence in this case. She loves her job, "they are like family to me," and she just wants to keep working and making good choices. She has been adequately punished in this case, she is deterred from future illegal conduct, and society is better with her contributing to it rather than being a drain on public resources, in prison.

RESPECTFULLY SUBMITTED THIS May 27, 2022

NELSON-MELBY LAW,

*/s/ Guenevere Nelson-Melby*

Guenevere Nelson-Melby
Attorney for Defendant